UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-cr-00058-JAW |
| | ) | |
| EUGENE ERWIN ALLEN, JR. | ) | |

**ORDER DISMISSING MOTION FOR APPOINTMENT OF COUNSEL**

On July 26, 2013, Eugene Erwin Allen, Jr. moved this Court for appointment of counsel to assist him in challenging his June 9, 2005 sentence of 210 months imprisonment followed by five years of supervised release. *Letter to U.S. District Judge John A. Woodcock, Jr.* (July 22, 2013) (ECF No. 73). Mr. Allen's letter was docketed as a motion to appoint counsel. *Id.* Mr. Allen states that he is hoping to appeal his sentence based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and urges the Court to appoint a lawyer to help him do so.

The Court dismisses the motion on a number of bases. First, there is no petition pending before the Court and therefore there is no matter for which counsel could be appointed.

Second, if there were a habeas petition pending, it would still be highly unlikely that the Court would appoint counsel. "A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." *Ellis v. United States*, 313 F.3d 636, 652 (1st Cir. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Under 18 U.S.C. § 3006A(a)(2)(B), a court is authorized to appoint counsel for a financially eligible section 2255 petitioner if "the interests of justice so

require." Although the First Circuit has indicated that, "in certain circumstances, the appointment of counsel for a section 2255 petitioner might be warranted, such cases are few and far between." *Ellis*, 313 F.3d at 653 (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

The First Circuit has set forth three criteria by which the court must discern the "rare" case where appointment of counsel for a habeas petitioner is warranted: "(1) [the petitioner] has shown a fair likelihood of success on the constitutional claim, (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and [the petitioner] (who is both incarcerated and indigent) is severely hampered in his ability to investigate them." *Mala*, 7 F.3d at 1063-64. At the same time, appointment of counsel is mandatory if the court holds an evidentiary hearing. RULES GOVERNING SECTION 2255 PROCEEDINGS 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A"); *Bucci v. United States*, 662 F.3d 18, 34 (1st Cir. 2011).

Even though Mr. Allen believes that *Alleyne* affects his sentence, he has not demonstrated that he has a fair likelihood of success on the constitutional claim. First, at sentencing, the Court found Mr. Allen was an Armed Career Criminal (ACC), and the First Circuit has concluded that *Alleyne* does not apply to ACC determinations. *See United States v. Carrigan*, No. 11-1916, 2013 U.S. App. LEXIS 14677, *28 n.4 (1st Cir. July 19, 2013). Second, Mr. Allen pleaded guilty and admitted the facts underlying the ACC determination. *See United States v.*

2

*Wimberly*, No. 12-2210, 2013 U.S. App. LEXIS 13360, *2 (6th Cir. June 26, 2013). Finally, the Supreme Court did not declare that the new constitutional rule in *Alleyne* applies retroactively to sentences imposed before *Alleyne*. *See Simpson v. United States*, 2013 U.S. App. LEXIS 13902, *3 (7th Cir. July 10, 2013).

The Court therefore DISMISSES without prejudice Eugene Erwin Allen, Jr.'s pro se Motion for Appointment of Counsel (ECF No. 73).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2013